RECEIVED BY MAIL
MAY 03 2010
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF MISSOURI

INDIANA LUMBERMENS
MUTUAL INS. CO.,

                   Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

and

LARRY D. BARNES, JR., Surviving Husband and
CHRISTOPHER G. BOWEN, Surviving Son of
Pamela J. Barnes, Deceased,

and

W. W. WOOD PRODUCTS, INC.,

                   Defendants.

1:10CV00075LMB
CASE NO.

## COMPLAINT FOR DECLARATORY JUDGMENT

### COUNT I

COMES NOW plaintiff, Indiana Lumbermens Mutual Insurance Company, by and through its attorneys Harris McCausland, P.C., and for Count I of its Complaint for Declaratory Judgment, alleges and states as follows:

    1.    Plaintiff Indiana Lumbermens Mutual Insurance Company ("Lumbermens") is a corporation incorporated under the laws of Indiana with its principal address in Indianapolis Indiana.

    2.    Defendant Larry D. Barnes was at all times relevant hereto a resident of Dunklin County, Missouri.

1

3. Defendant Christopher Bowen was at all times relevant hereto a resident of Dunklin County, Missouri.

4. Defendant W.W. Wood Products, Inc., ("Wood Products") is a Missouri Corporation in good standing.

5. Defendant Travelers Property Casualty Company of America is a corporation incorporated under the laws of Connecticut with its principal address in of business in Hartford, Connecticut.

6. Defendants Larry D. Barnes, Jr. and Christopher G. Bowen, have filed a lawsuit in the Circuit Court of Stoddard County, Missouri, styled: *Larry D. Barnes, Jr., surviving husband and Christopher G. Bowen, surviving son of Pamela J. Barnes, deceased, v. W.W. Wood Product, Inc.* Case No: 08SD-CC00127. These defendants allege damages arising out of an occurrence on or about August 13, 2007 in Dudley, Stoddard County, Missouri.

7. The amount in controversy without interest and cost, exceeds the sum or values specified by 28 U.S.C. § 1332.

8. Defendant Larry D. Barnes Jr., has filed a lawsuit for the wrongful death of his wife, Pamela J. Barnes and in the same lawsuit defendant Christopher G. Bowen has filed a claim for the wrongful death of his mother, Pamela J. Brown.

9. On August 13, 2007, decedent Pamela J. Barnes, an employee of Wood Products, became ill while working on the premises of her employment. During the afternoon of August 13, 2007, decedent Barnes was declared dead. Defendants / Claimants Larry D. Barnes Jr. and Christopher G. Bowen allege that her death was the result of acute massive myocardial infarction with v-fib. Defendants / Claimants Larry D. Barnes Jr. and Christopher G. Bowen further allege

that Wood Products, the employer and the defendant in the underlying lawsuit, breached a duty of care to the decedent by:

    a.    Failure to secure and provide paramedics, first aid or other emergency assistance in a timely fashion;

    b.    Failure to secure and provide competent or trained medical personnel;

    c.    Failure to provide instruction and/or supervision to persons responsible for medical assistance;

    d.    Failure to establish, implement or administer adequate policies, practices or procedures regarding provision of properly trained, supervised personnel;

    e.    Failure to hire personnel trained in procedures for providing or securing medical assistance; and

    f.    Failure to train personnel to recognize and deal with emergency medical situations involving workers.

10. A copy of the Petition for Damages filed by defendants Barnes and Bowen is attached hereto and marked as Exhibit "A" and is incorporated herein by reference.

11. On August 13, 2007, decedent Pamela J. Barnes was employed by Wood Products and was within the course and scope of this employment when she became ill on August 13, 2007.

12. On the date of August 13, 2007, the date of the event as described above, in effect was a Commercial General Liability Policy (policy number: APP19060192 08 effective 01/30/2007-01/30/2008) issued by Lumberman's to defendant Wood Products. A copy of the Declarations Page is attached hereto as Exhibit "B" and is incorporated herein by reference; and a copy of the Commercial General Liability Policy issued to defendant Wood Products is attached hereto as Exhibit "C" and is incorporated herein by reference.

13. The general terms and conditions of the policy ("APP policy') are stated in the Commercial General Liability Coverage Form CG 00 01 12 04 (the "CG Form"). Relevant to this occurrence are the following terms and conditions:

> SECTION I – COVERAGES:
>
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement**
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply . . .
>
> (Form CG 00 01 12 04; Page 1)

14. The Commercial General Liability Coverage Form also provides the following:

> 2. **EXCLUSIONS**
>
> This insurance does not apply to:
>
>   d. **Workers' Compensation And Similar Laws**
>
>   Any obligation of the insured under a workers compensation, disability benefits, or unemployment compensation law or any similar law.
>
>   e. **Employer's Liability**
>
>   "Bodily Injury" to:

    **(1)**    An employee of the insured arising out of:

        **(a)**    Employment by the insured; or

        **(b)**    Performing duties related to the conduct of the insured's business; or

    **(2)**    The spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph **(1)** above.

This exclusion applies:

    **(1)**    Whether the insured may be liable as an employer or in any other capacity; and

    **(2)**    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

(Form CG 00 01 1204; page 2)

15. On the date of August 13, 2007, the date of the event as described above, in effect was also a Commercial Umbrella Policy (policy number: CUL14160077 effective 01/30/2007-01/30/2008) issued by Lumbermans to defendant Wood Products. A copy of the Commercial Umbrella Policy issued to defendant Wood Products is attached as Exhibit "D" and is incorporated herein by reference.

16. Per the Commercial Umbrella Policy between plaintiff and Wood Products said policy states as follows:

**EXCLUSIONS:**

This insurance does not apply to:

A.  "Bodily Injury" or Property Damage," expected as a result of intentional acts or intended from the standpoint of the insured…
(Form CUL 5003-P (9-89); Page 4)

B.  Any obligation for which the insured or any carrier as his insurer may be held liable under any Workers' Compensation, unemployment compensation or disability benefits law, Longshoremen's and Harbor Workers' Compensation Act, Federal Employers' Liability Acts or the Jones Act; provided, however that this exclusion does not apply to liability of others assumed under contract.
(Form CUL 5003-P (9-89); Pages 4-5)

Y.  Bodily Injury" to:
(1) An employee of the insured arising out of and in the course of employment by the insured; or
2) The spouse, child, parent, brother, sister or heirs of that employee as a consequence of (1) above.
(Form CUL 5003-P (9-89); Page 6)

17. On the date of August 13, 2007, the date of the event as described above, in effect was an Endorsement titled Employee Benefits Liability Coverage and this endorsement modified the Commercial General Liability Policy (policy number: APP19060192 08 effective 01/30/2007-01/30/2008) by adding additional language to Section I-Coverages. A copy of the Employee Benefits Liability Coverage Endorsement is attached hereto as Exhibit "E" and is incorporated herein by reference.

18. Per the Employee Benefits Liability Coverage Endorsement, the following is stated:

A.  The following is added to Section I – Coverages:

**COVERAGE – EMPLOYEE BENEFITS LIABILITY**

    **1. Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of any non-fiduciary act, error or omission, of the insured, or of any other person, other than a fiduciary for whose acts the insured is legally liable, to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply . . .

    (Form 1661 12 04; page 1)

19.    Per the Employee Benefits Liability Coverage Endorsement, the following is also stated.

    **2. EXCLUSIONS**

    This insurance does not apply to:

    **B.**    **Bodily Injury, Property Damage, or Personal and Advertising Injury**

    "Bodily injury", "property damage" or "personal and advertising injury."

    **f.**    **Workers' Compensation and Similar Laws**

    Any "claim" arising out of your failure to comply with the mandatory provisions of any workers' compensation, unemployment compensation insurance, social security or disability benefits law or any similar law.

    (Form 1661 12 04; page 2)

20.    That defendant Wood Products has made a demand upon plaintiff, Indiana Lumbermens Mutual Insurance Company that Lumbermens indemnify and defend W.W. Wood Products, Inc., per the policy provided to Wood Products regarding the allegations made by

Larry D. Barnes, Jr., and Christopher G. Bowen against Wood Products arising out of the death of Pamela J. Barnes on August 13, 2007, which is at issue. That plaintiff Lumbermens denies that it has any duty to indemnify or defend Wood Products pursuant to the policy in issue in Count I regarding the Petition for Damages attached as Exhibit "A" for the following reasons:

a. That the policy of insurance specifically excludes any obligation for which the insured or any carrier as his insurer may be held liable under a workers' compensation, disability benefits, or unemployment compensation law or any similar law.

b. That the policy of insurance specifically excludes coverage to an employee for bodily injury to an employee of the insured arising out of employment by the insurer; or performing duties related to the conduct of the insured's business; or the spouse, child, parent, brother or sister of that "employee" as a consequence of the employee of the insured being injured at the employment.

WHEREFORE, for the reasons stated herein, plaintiff Indiana Lumbermans Mutual Insurance Company, prays for an Order of the Court declaring that neither the Commercial General Liability Policy (policy number: APP19060192 08 effective 01/30/2007-01/30/2008), the Commercial Umbrella Policy (policy number: CUL14160077) nor the Employee Benefits Liability Coverage Endorsement all issued by Lumbermans to defendant Wood Products provide coverage regarding the claims made by Larry D. Barnes, Jr., and Christopher G. Bowen against Wood Products as alleged in the Petition for Damages attached hereto as Exhibit "A"; furthermore, that pursuant to the above referenced policies in issue in Count I of this Petition, plaintiff Indiana Lumbermens Mutual Insurance Company has no obligation to defend Wood Products in the above-described Petition for Damages filed by Larry D. Barnes, Jr., and Christopher G. Bowen and that plaintiff Indiana Mutual Lumbermens Insurance Company has no obligation to indemnify Wood Products for damages which might be awarded to Larry D. Barnes, Jr., and Christopher G. Bowen pursuant to the Petition for Damages attached hereto as

Exhibit "A"; that defendants should be restrained from commencing any action against plaintiff Indiana Lumbermens Mutual Insurance Company on Commercial General Liability Policy (policy number: APP19060192 08 effective 01/30/2007-01/30/2008), on the Commercial Umbrella Policy (policy number: CUL14160077) or on the Employee Benefits Liability Coverage Endorsement; and for plaintiff's cost herein incurred and expended, and for such other Order and relief as the Court deems just and proper.

## COUNT II

COMES NOW plaintiff Indiana Lumbermens Mutual Insurance Company, by and through its attorneys Harris McCausland, P.C., and for Count II of its Complaint for Declaratory Judgment, alleges and states as follows:

1. Plaintiff incorporates Count I of its Complaint for Declaratory Judgment as though fully set forth herein.

2. That on August 13, 2007, the date of the event in issue as described above, in effect was a Workers' Compensation and Employers Liability Policy (policy number G-C2JUB-221K554-4-07)issued by defendant Travelers Property Casualty Company of America ("Travelers") to defendant Wood Products. A copy of the Traveler's Insurance Policy issued to defendant Wood Products is attached hereto as Exhibit "F" and incorporated herein by reference.

3   Per Part One of the Workers Compensation and Employees Liability Insurance Policy issued by defendant Travelers to defendant Wood Products, said policy states as follows:

> **PART ONE – WORKERS COMPENSATION INSURANCE**
>
> **A.   How This Insurance Applies**
>
> This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. Bodily injury by accident must occur during the policy period
2. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

B. **We Will Pay**

We will pay promptly when due the benefits required of you by the workers compensation law.

C. **We Will Defend**

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits.

H. **Statutory Provisions**

3. We are directly and primarily liable to any person entitled to the benefits payable by this insurance. Those persons may enforce our duties; so may an agency authorized by law. Enforcement may be against us or against you and us.
4. Jurisdiction over you is jurisdiction over us for purposes of the workers compensation law. We are bound by decisions against you under that law, subject to the provisions of this policy that are not in conflict with that law.
5. This insurance conforms to the parts of the workers compensation
law that apply to:
a. benefits payable by this insurance;

4. Per Part Two of the Workers Compensation and Employers Liability Policy issued by defendant Travelers to defendant Wood Products, said policy states as follows:

**PART TWO – EMPLOYERS LIABILITY INSURANCE**

    A.    **How This Insurance Applies**
This employer's liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

        1.    The bodily injury must arise out of and in the course of the injured employee's employment by you.
        2.    The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.
        3.    Bodily injury by accident must occur during the policy period.
        4.    Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of the last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

    B.    **We Will Pay**

We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.
The damages we will pay, where recovery is permitted by law, include damages:
    1.    for which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;
    2.    for care and loss of services; and
    3.    for consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee; provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and
    4.    because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

    5.    That defendant Wood Products has made a demand on defendant Travelers that Travelers indemnify and defend defendant Wood Products per the policy provided to Wood

Products regarding the allegations made by defendants Larry D. Barnes, Jr., and Defendant Christopher Bowen as contained in the Petition for Damages, attached as Exhibit "A".

6. That defendant Travelers in a letter dated August 22, 2007, attached hereto as Exhibit "D" and incorporated herein by reference, has denied that the policy of insurance issued by defendant Travelers to defendant Wood Products provides any coverage for the claims made by Larry D. Barnes, Jr., and Christopher G. Bowen arising out of the death of Pamela J. Barnes on August 13, 2007.

7. That defendant Travelers has denied that it has any duty to indemnify or defend defendant Wood Products pursuant to the policy in issue in Count II regarding the Petition for Damages attached as Exhibit "A".

8. That defendant Travelers has a duty to indemnify or defend defendant Wood Products pursuant to the policy in issue in Count II regarding the Petition for Damages attached as Exhibit "A" for the following reasons:

   a. That the Traveler's policy of insurance specifically provides workers' compensation insurance to Wood Products and that workers' compensation insurance applies to bodily injury by accident or bodily injury by disease, which includes resulting death.

   b. That the Travelers policy of insurance specifically includes employer's liability insurance that applies to bodily injury by accident or bodily injury by disease including the resulting death when the bodily injury arises out of and in the course of the injured employee's employment.

   c. That the Travelers policy of insurance specifically includes employers liability insurance that will pay damages for consequential bodily injury to spouse, child, parent, brother or sister of the injured employee when those damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment.

WHEREFORE, for the reasons stated herein, plaintiff Indiana Lumbermens Mutual Insurance Company prays for an Order from the Court declaring that policy number G-C2JUB-221K554-4-07, issued by Travelers Property Casualty Company of America to W.W. Wood Products, Inc., provides coverage regarding the claims made by Larry D. Barnes, Jr., and Christopher Bowen against W.W. Wood Products, Inc. Furthermore, that pursuant to the Travelers Property Casualty Company of America policy at issue in Count II of this of this Compliant, (policy number G-C2JUB-221K554-4-07), defendant Travelers Property Casualty Company of America has an obligation to defend W.W. Wood Products, Inc., in the above described Petition for Damages filed by Larry D. Barnes, Jr., and Christopher G. Bowen for the death of Pamela J. Barnes, and that defendant Traveler's Property and Casualty Company of America has an obligation to indemnify W.W. Wood Products, Inc. for damages which might be awarded to Larry D. Barnes, Jr., and Christopher G. Bowen pursuant to the Petition for Damages attached hereto as Exhibit "A"; and for costs herein incurred and expended and for such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ signature*

| | |
|---|---|
| Michael E. McCausland | MO# 29950 |
| Daphne R. Halderman | MO# 33971 |

Harris McCausland, P.C.
9233 Ward Parkway, Suite 270
Kansas City, Missouri 64114
(816)523-3000 FAX (816)523-1588
ATTORNEY FOR PLAINTIFF INDIANA
LUMBERMENS MUTUAL INS. CO.